## Memphis Coal Company, et al. v. Ferguson, et al.

(Decided June 19, 1925.)

### Appeal from McLean Circuit Court.

Mines and Minerals—Cancellation of Lease of Coal Land Held Not to Affect Title as Between Different Lessors.—Where dispute, between vendors and vendee over ownership of reserved minerals after termination of lease, was settled by arbitrators, who awarded seven-tenths to vendors and three-tenths to vendee and new lease was made reciting that such were their interests, cancellation of lease did not, as claimed, vest entire title in vendee.

WILKINS & SPARKS for appellants.

R. ALEXANDER and T. F. BIRKHEAD for appellees.

OPINION OF THE COURT BY DRURY, COMMISSIONER—
Affirming.

The appellees, whom we shall refer to as "the Ferguson heirs," were adjudged to be the owners of seven-tenths of the coal underlying 140 acres of land. In 1902, W. T. Ferguson, ancestor of appellees, leased to J. W. Moore the coal underlying 140 acres of land for a period of twenty years. Moore assigned and transferred this lease to the defendant, Memphis Coal Company. In 1905, W. T. Ferguson sold the surface of this tract of land to the defendant, H. K. Kirtley, and inserted this in the deed:

"The party of the first part (W. T. Ferguson) reserves the coal as per conditions named in the lease to J. W. Moore dated October 1, 1902, and recorded in deed book T, page 429 in the McLean county clerk's office."

In 1907 W. T. Ferguson died. Thereafter a dispute arose between the Ferguson heirs and Kirtley, as to who would own the coal under this land after October 1, 1922, when the lease to Moore expired. This matter was submitted to arbitration. The arbitrators decided that Kirtley should be the owner of three-tenths and the Ferguson heirs seven-tenths. Just why the Ferguson heirs agreed to this we cannot understand, nor are we concerned in it, as they did agree to it. After this arbitration the Ferguson heirs as parties of the first part and

Kirtley and his wife as parties of the second part, leased this coal to the defendant, Memphis Coal Company as party of the third part, and inserted in the lease this provision:

"In the event said mines should during the continuation of this lease, be abandoned by party of the third part, or if it shall during said time cease the operation of its mines for a period of twelve consecutive months, or if it shall cease the operation of its mine twelve consecutive months for any cause, except for necessary repairs, or on account of strikes, panic, or for other causes unavoidable, and without its control, then this lease, in that event shall terminate and cease, and said property herein mentioned and leased, shall revert to the parties of the first and second part."

This lease merely extended the former lease for fifty years, or until March 9, 1972. Some years after this lease was made, the mining of the coal under this property ceased, and no coal was mined for a period of eight years, and during that time the Ferguson heirs stated that they had cancelled the lease, and when asked to waive the forfeiture and permit the property to be developed, refused to do so. For some reason which we cannot understand, the defendants concluded that the effect of the cancellation of the lease would be to vest the title to this coal in the Kirtleys, and accordingly, they took a deed from the Kirtleys for the coal underlying this tract of land, and when the Ferguson heirs brought this suit to quiet their title to this coal, the defendants in their answer set up these matters, and pleaded that the plaintiffs by stating that this lease had been cancelled and by refusing to waive the forfeiture, had induced them to believe that the title to this coal was vested in the Kirtleys; that after that they bought from the Kirtleys and that the Ferguson heirs are now estopped to assert title to these premises. They rest their whole case upon this plea of estoppel. A more feeble and visionary defense than this would be hard to imagine. Just how they reason out that the forfeiture of this lease would vest the title in the Kirtleys, we cannot see, and as no other defense is suggested, the court's action in sustaining a demurrer to the pleading of the defendants, and in adjudging the Ferguson heirs to be the owners of seven-tenths of this coal is correct.

In the last lease, it is set out that the dispute between the Ferguson heirs and the Kirtleys has been settled by arbitration.; that the Fergusons are the owners of seven-tenths and the Kirtleys three-tenths, and it was provided that if the lease was canceled, the coal should revert to the parties of the first and second parts.   That can mean but one thing, that is, when the lease was cancelled, the Ferguson heirs owned seven-tenths of this coal and the Kirtleys three-tenths.   The court adjudged them to be the owners of seven-tenths.

Its judgment is affirmed.